UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00413 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 75] |
| vs. | : | |
| RICHARD S. GLENN, JR., | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 7, 2018, Defendant Richard Glenn, Jr. pleaded guilty to Hobbs Act robbery, bank robbery, and brandishing a firearm during a crime of violence.[1]  On June 27, 2018, the Court sentenced him to 324 months in prison.[2]

Defendant Glenn now moves to vacate, set aside, or correct his sentence.[3]  The Government filed a motion to dismiss Defendant's motion.  The Government argues that the motion to vacate was untimely.[4]  The Government did not respond to the merits of Defendant's claims.[5]

For the reasons stated below, the Court **DENIES** the Government's motion to dismiss Defendant's motion.

### I. A One-Year Statute of Limitations Applies to Defendant's § 2255 Motion.

A one-year statute of limitations beginning when the conviction becomes final

---

[1] Doc. 40.
[2] Doc. 52.
[3] Doc. 72.
[4] Doc. 75.  Glenn opposed the motion to dismiss.  Doc. 76.
[5] Doc. 75 at 3.

Case No. 1:17-cr-00413
Gwin, J.

applies to § 2255 petitions.[6] In this case, the conviction became final when Defendant's time for seeking a direct appeal expired.[7]

On June 27, 2018 the Court entered judgment in this matter.[8] Two weeks later, on July 11, 2018, Defendant's time for filing a notice of appeal expired, and the judgment became final. One year later, on July 11, 2019, Defendant's time limit for filing his § 2255 motion also expired.

On August 12, 2019, the clerk of court received and filed Defendant's § 2255 motion.[9] The motion itself is not dated.

## II. Due to the Prison Mailbox Rule, Defendant's Petition Was Timely Filed.

Under the prison mailbox rule, the motion's filing date is the date on which the prisoner gives prison officials the motion for mailing.[10] "[A]bsent contrary evidence, a prisoner does so on the date he or she signed the complaint."[11]

In the present case, although the Petitioner did not sign the actual petition, on June 27, 2019, he signed the a declaration.[12] He also submitted a declaration with his opposition also stating that he gave it to prison officials on June 27, 2019.[13]

The Government does not offer any evidence to rebut the presumption that Defendant mailed the petition on June 27, 2019.[14]

---

[6] 28 U.S.C. § 2255.
[7] *Sanchez-Castellano v. U.S.*, 358 F.3d 424, 427 (6th Cir. 2004) (noting that expiration of deadline for filing notice of appeal makes conviction final).
[8] Doc. 52.
[9] Doc. 72.
[10] *Brand v. Motley,* 526 F.3d 921, 925 (6th Cir. 2008).
[11] *Id.*
[12] Doc. 72-1 at 4.
[13] Doc. 76 at 5.
[14] Doc. 75.

Case No. 1:17-cr-00413
Gwin, J.

Under the prison mailbox rule, the Court uses the date that Defendant Glenn gave the motion to prison officials- June 27, prior to the July 11, 2019 deadline. Using the date Glenn gave the motion to prison officials, Defendant's § 2255 motion was timely filed.

For the foregoing reasons, the Court **DENIES** the Government's motion to dismiss Defendant's motion. The Government is ordered to reply to the merits of Defendant's § 2255 motion within 45 days of the date of this order.

IT IS SO ORDERED.

Dated: December 19, 2019          *s/     James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE