UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  | : |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00413 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 72] |
| vs. | : |  |
| RICHARD S. GLENN, JR., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 7, 2018, Defendant Richard Glenn, Jr. pleaded guilty to Hobbs Act robbery, bank robbery, and brandishing a firearm during a crime of violence.[1] On June 27, 2018, the Court sentenced him to 324 months in prison.[2] Defendant Glenn now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[3]

On September 13, 2019, the Government filed a motion to dismiss Defendant's motion.[4] This Court denied the motion to dismiss and ordered the Government to respond to the merits of Defendant's claim.[5]

The Government opposes Glenn's § 2255 motion.[6] Glenn has not replied.

For the reasons stated below, the Court **DENIES** Glenn's motion.

---

[1] Doc. 40.
[2] Doc. 52.
[3] Doc. 72.
[4] Doc. 75.
[5] Doc. 77.
[6] Doc. 79.

Case No. 1:17-cr-00413
Gwin, J.

I. Background[7]

On August 9, 2017, Glenn robbed a Walgreens store in South Euclid, Ohio. He brandished a revolver and took cash.

On August 17, 2017, Glenn robbed a different Euclid Walgreens store. He once against brandished a revolver and took cash.

On August 23, 2017, Glenn robbed a Garfield Heights, Ohio U.S. Bank branch. Glenn was not armed but handed the teller two demand notes. One note said: "No locks on doors," while the other said: "Hand over the money!! No Dye No Tracers quick and quiet or I'll shoot." Glenn took cash.

On August 29, 2017, Glenn robbed a Cleveland Dollar General, once again brandishing a firearm and taking cash.

Finally, on August 31, 2017, Glenn robbed a Bedford Heights, Ohio, A & M Food Mart. Glenn used a pistol and took cash.

On February 7, 2018, Glenn pleaded guilty to Hobbs Act Robbery, bank robbery, and brandishing a firearm during and in relation to a crime of violence.[8] As part of the plea agreement, Glenn waived his right to appeal most claims, preserving his right to challenge on appeal a sentence imposed in excess of 324 months, ineffective assistance of counsel, or prosecutorial misconduct.[9]

Glenn entered, and the Court accepted, a Rule 11(c)(1)(C) plea agreement. In that agreement, "the parties agree that the appropriate disposition of this case is for Defendant

---

[7] The facts in this section are taken from Glenn's plea agreement. Glenn admitted the facts in the agreement and affirmed their accuracy during his plea colloquy. Docs. 40 and 61.
[8] Doc. 40.
[9] *Id.* at 7.

-2-

Case No. 1:17-cr-00413
Gwin, J.

to receive a sentence that includes a specific sentence of 324 months imprisonment."[10]

On June 27, 2018, this Court sentenced Glenn to 324-months imprisonment and five years of supervised release, plus restitution and an assessment.[11]

At the sentencing hearing, the Court requested that Assistant Federal Public Defendant Charles Fleming discuss with Glenn his right to appeal and assist in timely filing an appeal if Glenn decided to do so.[12] Fleming agreed to do so.[13]

## II. Discussion

Glenn brings two claims. First, Glenn argues that his counsel was ineffective for failing to file an appeal. Second, Glenn says that his sentence was wrongly enhanced on the basis of the Sentencing Guidelines commentary. The Court considers these claims in order.

### A. Glenn's Counsel Was Not Ineffective.

Glenn says that he requested that his counsel file a notice of appeal on his behalf, and says that his counsel failed to file the appeal.[14] He claims that due to this omission, counsel was ineffective.

To prevail on an ineffective assistance of counsel claim, the defendant must prove that his counsel's performance was deficient, and that the defendant was prejudiced by such performance.[15]

To establish counsel's deficient performance, Glenn must show that the

---

[10] Doc. 40 at 5.
[11] Doc. 52.
[12] Doc. 61 at 13.
[13] *Id.*
[14] Doc. 72 at 4.
[15] *Strickland v. Washington*, 466 U.S. 668, 688-691 (1984).

-3-

representation fell "below an objective standard of reasonableness."[16] The Court's scrutiny of counsel's performance is highly deferential, and "counsel is strongly presumed to have rendered adequate assistance."[17]

Glenn argues, correctly, that "an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendants to relief in the form of a delayed appeal."[18]

In this case, however, Glenn does not persuade that he requested attorney Fleming to file an appeal.

After the Court sentenced Glenn, and in Glenn's presence, the Court asked whether the defense had any objections to the sentence. The defense responded that Mr. Glenn and Attorney Fleming, had "no objection."

Glenn filed a declaration with his habeas petition claiming that immediately after sentencing he asked counsel to file an appeal claiming that the government withdrew an earlier plea agreement and that counsel failed to communicate with him in a meaningful manner.[19]

Fleming responds that Glenn "stated that he did not wish to appeal his case."[20] In support of his position, Fleming offers an affidavit stating as much as well as a letter, dated the date of Glenn's sentencing.[21] The letter states: "Based on our discussion after the

---

[16] *Wise v. United States*, No. 5:19 CV 463, 2019 WL 3068252, at *2 (N.D. Ohio July 11, 2019).
[17] *Id.* (internal quotations omitted).
[18] *Campbell v. U.S.*, 686 F.3d 353, 360 (6th Cir. 2012).
[19] Doc. 72-1 at 3.
[20] Doc. 79-1 at 1.
[21] Doc. 79-1.

Case No. 1:17-cr-00413
Gwin, J.

sentencing hearing, I will not be filing a notice of appeal."[22]

The Court credits Fleming's account of events, especially given his contemporaneous letter to his client confirming Glenn's decision to forgo an appeal. In addition, at sentencing Glenn never raised any objection when the Court asked.

In light of the evidence before the Court, Glenn has not shown a *per se* violation by demonstrating that he requested an appeal. Additionally, the Court finds that Glenn is unable to satisfy the first prong of the *Strickland* standard. It was not unreasonable for Fleming to not file an appeal given Glenn's representation that he did not want his counsel to do so.[23]

Glenn's claim regarding ineffective assistance is **DENIED**.

The Court also denies Glenn's request for a hearing on this matter. Although in *Campbell*, the case cited by Glenn, the Sixth Circuit remanded the matter to the district court for an evidentiary hearing regarding the defendant's request for an appeal, that case is distinguishable from the present matter.[24] In *Campbell*, the record did not contain evidence, other than the defendant's assertion, regarding his request that his attorney file an appeal.[25] In this case, both parties have submitted evidence in support of their positions. An evidentiary hearing is therefore unnecessary.

### B. Glenn's Claim Regarding the Sentencing Guidelines Commentary Fails.

---

[22] Doc. 79-2. Given Glenn's claims regarding conversations between himself and his attorney, the Court granted the Government's request to find that the attorney-client privilege had been waived for the purpose of responding to Glenn's claims. Doc. 80.

[23] *Regalado v. U.S.*, 334 F.3d 520, 526 (6th Cir. 2003) (holding that attorney's "testimony that he never received an express instruction to file an appeal defeat[ed] [defendant's] ineffective assistance of counsel claim at the first prong of the *Strickland* analysis").

[24] *Campbell*, 686 F.3d at 360.

[25] *Id.*

Glenn's second claim is that after the Sixth Circuit's holding in *U.S. v. Havis* his sentence enhancement for brandishing a firearm should be overturned.[26] Glenn argues that *Havis* held that the Sentencing Guidelines commentary has no independent legal force. He says that because the commentary defines "brandished" and "threat of death," and the Court can no longer refer to the guidelines, these terms are undefined and therefore unconstitutionally vague. He says his sentence enhancements should be overturned.

First, it is likely that Glenn's plea agreement waived this claim when he gave up most appeal rights, including appeals of any sentence at or below the 324-months imprisonment the Court eventually sentenced him to.[27]

Second, as the Government points out, Glenn likely cannot bring this claim under the auspices of a 28 U.S.C. § 2255 motion. Claims under 28 U.S.C. § 2255 are cognizable only if they assert a constitutional or jurisdictional error or involve a complete miscarriage of justice.[28] The Sixth Circuit has held that sentencing guideline claims that challenge only the legal process used to sentence the defendant and not the lawfulness of the sentence are not eligible for 28 U.S.C. § 2255 relief.[29]

In any event, Glenn's claim fails on the merits. Glenn argues that after *Havis*, the Court's enhancement of his sentence for "brandishing" a firearm and making a "threat of death" are invalid. According to Glenn, because the Sentencing Guidelines commentary defines both "brandishing" and "threat of death," but has no independent legal force itself,

---

[26] Doc. 72 at 7-9.
[27] Doc. 40 at 7.
[28] *Snider v. U.S.*, 908 F.3d 183, 189 (6th Cir. 2018).
[29] *Id.* at 190-191.

his enhancement based on those factors was erroneous.[30]

Glenn misreads *Havis*. In *Havis*, the Sixth Circuit invalidated the Sentencing Guidelines commentary relating to what constitutes a "controlled substance offense" because the commentary attempted to add attempt crimes to the list of offenses when the guideline itself said nothing about attempt crimes.[31] The decision did not invalidate the entirety of the Sentencing Guidelines commentary or hold that the Court may not consider commentary in sentencing decisions.

Glenn's sentencing differs from the sentencing at issue in *Havis*. The Court enhanced Glenn's sentence based on the Sentencing Guidelines, rather than the commentary, which explicitly contemplate enhancement "if a firearm was brandished or possessed"[32] and "if a threat of death was made."[33] Glenn is correct that the commentary offers definitions of "brandished" and "a threat of death," but the commentary does not mandate enhancement for those conditions; the guidelines do.

The definitions are therefore not the type of commentary that *Havis* prohibits. Nor does the fact that the terms are defined in the commentary rather than in the guidelines make them *per se* unconstitutionally vague.[34]

The Court **DENIES** Glenn's second claim regarding his sentence enhancements.

III. **Conclusion**

---

[30] Doc. 72 at 7-9.
[31] *U.S. v. Havis*, 927 F.3d 382 (6th Cir. 2019).
[32] USSG § 2B3.1(b)(2)(C).
[33] USSG § 2B3.1(b)(2)(F).
[34] The Sixth Circuit denied a vagueness challenge to a sentencing guideline holding that "nothing about this statutory scheme is so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *U.S. v. Shepard*, 658 F. App'x. 260, 267 (6th Cir. 2016). Glenn argues that guideline is vague because it relies on the commentary for its definition. This does not meet the standard relied upon by the Sixth Circuit in *Shepard*.

Case No. 1:17-cr-00413
Gwin, J.

The Court **DENIES** Glenn's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. There is no basis upon which to issue a certificate of appealability.[35]

IT IS SO ORDERED.

Dated: March 9, 2019                    *s/         James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).