UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-cr-00413-JG-1 |
| Plaintiff, | OPINION & ORDER [Resolving Docs. 84, 88] |
| vs. | |
| RICHARD S. GLENN, JR., | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Richard Glenn requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes Glenn's request.[2]

For the reasons stated below, the Court **DENIES** Defendant Glenn's motion for compassionate release.

I. Background

In August 2017, Defendant Glenn robbed five businesses, including one bank, at gunpoint.[3]

In February 2018, Defendant Glenn pled guilty to six counts including 18 U.S.C. § 1951(a) robbery violations; bank robbery in violation of 18 U.S.C. § 2113(a); and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[4]

This Court sentenced Defendant to a total 324 months' incarceration.[5]

---

[1] Doc. 84. Counsel supplemented Defendant's compassionate release motion. Doc. 88.
[2] Doc. 89.
[3] *Id.* at 1–3.
[4] *Id.* at 3.
[5] *Id.* at 3–4.

Case No. 1:17-cr-00413-JG-1
Gwin, J.

## II. Discussion

Defendant suffers from a number of illnesses that could create extraordinary and compelling reasons warranting a sentence reduction. However, the 18 U.S.C. § 3553(a) sentencing factors disfavor release and outweigh the potentially extraordinary and compelling reasons in Defendant's case.

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6]

Defendant Glenn requested release from the warden of FCI Hazelton, where he is incarcerated.[7] The warden denied his request on September 24, 2020.[8] The Government does not argue that Defendant has not met the exhaustion requirement.

Defendant has met 18 U.S.C. § 3582's exhaustion requirement.

### B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[9] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[10]

---

[6] 18 U.S.C. § 3582(c)(1)(A).
[7] Doc. 84 at 3.
[8] Doc. 84-1 at 2.
[9] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[10] *Id.* at 518 (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted). The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of

Case No. 1:17-cr-00413-JG-1
Gwin, J.

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[11] Where an inmate files a motion on their own behalf, the court "may skip step two."[12]

Under the compassionate release statute, the Court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[13]

Defendant Glenn seeks compassionate release because, he argues, his numerous health conditions put him at greater risk of severe illness if he contracts COVID-19.[14] Defendant Glenn's reported conditions include diabetes, high cholesterol, hypertension, polyneuropathy, chronic stage three kidney disease, and residual tracheal issues from a previous surgery, among other conditions.[15] According to the CDC, diabetes, hypertension, and kidney disease are conditions that can increase a person's risk of severe illness from COVID-19.[16] Courts have found that illnesses such as these in conjunction with the presence of COVID-19 at an inmate's facility, in some instances, are extraordinary and compelling reasons to grant compassionate release. But Courts do not grant release, even in light of

---

the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors. 18 U.S.C. § 3553(a).

[11] See *Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[12] *Jones*, 980 F.3d at 1111.

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] Doc. 84 at 8–10; Doc. 88 at 3.

[15] Doc. 84 at 8; Doc. 88 at 3; Doc. 88-2.

[16] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

-3-

Case No. 1:17-cr-00413-JG-1
Gwin, J.

extraordinary and compelling reasons, where the § 3553(a) factors argue against release.[17]

In this case, Defendant Glenn is incarcerated at FCI Hazelton.[18] As of April 21, 2021, FCI Hazelton has one inmate and zero staff who have tested positive for COVID-19. In the last year, one inmate died and more than two hundred people recovered from the disease.[19]

At the same time, the Bureau of Prisons reports that over 1,100 incarcerated people have been fully vaccinated at FCC Hazelton.[20] This number could include those incarcerated at the Hazelton United States Penitentiary, which is part of the same complex as FCI Hazelton. While it is not clear how many people incarcerated at FCI Hazelton have been vaccinated, the numbers suggest a significant effort to vaccinate inmates and curb future potential COVID-19 infections.[21]

Even if Defendant Glenn's medical conditions create extraordinary and compelling circumstances, the 18 U.S.C. § 3553(a) factors weigh against release.

Defendant has more than 19 years left to serve on his sentence.[22] The Court notes that Defendant has an impressive disciplinary and educational prison record up to this point.[23] Still, Defendant Glenn's 324-month sentence indicates the seriousness of his

---

[17] *See, e.g.*, *U.S. v. Shah*, No. 15-cr-20585, 2021 WL 1253384, at *1 (E.D. Mich. Apr. 3, 2021); *U.S. v. Anderson*, No. 3:17-cr-55, 2021 WL 430900, at *1 (N.D. Ohio Feb. 8, 2021); *U.S. v. Trompeter*, No. 3:11-cr-85-JGC, 2020 WL 8024345, at *1 (N.D. Ohio Dec. 30, 2020).

[18] Doc. 84 at 2.

[19] Federal Bureau of Prisons, *Covid-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 21, 2021).

[20] *Id.* As of April 21, 2021, the Bureau of Prison's website reports that 1,140 inmates and 369 staff have been vaccinated at "FCC Hazelton." *Id.*

[21] FCI Hazelton has a total of 1,856 inmates. Federal Bureau of Prisons, *FCI Hazelton*, https://www.bop.gov/locations/institutions/haf/ (last visited Apr. 21, 2021). USP Hazelton has a total of 1,486 inmates. Federal Bureau of Prisons, *USP Hazelton*, https://www.bop.gov/locations/institutions/haz/ (last visited Apr. 21, 2021). That could mean a total of 3,342 inmates if the term "Hazelton FCC" refers to both facilities.

[22] Doc. 88 at 1.

[23] Doc. 84 at 12.

Case No. 1:17-cr-00413-JG-1
Gwin, J.

crimes.[24] The Court is not convinced that the time Defendant Glenn has served is a sufficient portion of his sentence or that he would not be a danger to the community upon release. Defendant argues that his medical conditions would prevent him from being a danger to the community.[25] But it is not clear that Defendant's illnesses have developed or worsened since he committed the crimes for which he is incarcerated.[26]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Glenn's request for compassionate release.

IT IS SO ORDERED.

Dated: April 22, 2021            *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[24] Doc. 89 at 3–4; 13 ("Glenn committed multiple robberies that involved brandishing a firearm and pointing it directly at employees of the businesses he was robbing.").
[25] Doc. 88 at 6.
[26] *See* Doc. 89 at 13.